(C. D. 1449)

F. L. KRAEMER & COMPANY
UNIVERSAL PRODUCTS COMPANY } *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 23, 1952)

*Sharretts, Hillis & Paley* (*Howard C. Carter* of counsel) for the plaintiffs.
*Charles J. Wagner*, Acting Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before OLIVER and MOLLISON, Judges

OLIVER, Chief Judge: The protest herein involves the proper classification for duty purposes of certain watch bracelets composed of metal. They were classified under paragraph 1527 (c) (2) of the Tariff Act of 1930 at rates equivalent to 110 per centum ad valorem as "Articles * * * designed to be * * * or carried on or about or attached to the person, such as and including * * * watch bracelets * * *." The plaintiffs claim these watch bracelets properly dutiable under the same paragraph, as modified by the trade agreement with France (T. D. 48316), at rates equivalent to 65 per centum ad valorem.

The record consists solely of a stipulation entered into between counsel for the respective parties as follows (R. 2):

* * * the merchandise consists of watch bracelets designed to be worn on or about the person, composed wholly or in chief value of metal other than gold or platinum, valued at more than 20 cents per dozen pieces and not above $5 per dozen pieces.

The pertinent parts of the statutes here in question are as follows:
Paragraph 1527, Tariff Act of 1930:

(c)  Articles valued above 20 cents per dozen pieces, designed to be  * * * or carried on or about or attached to the person, such as and including  * * * watch bracelets, and like articles; all the foregoing and parts thereof, finished or unfinished:
    (1)  * * *
    (2)  composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled

gold plate), or (if not composed in chief value of metal and if not dutiable under clause (1) of this subparagraph) set with and in chief value of precious or semiprecious stones * * * or imitation pearls, 1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

This paragraph 1527 (c) (2), as modified by the trade agreement with France (T. D. 48316), provides for:

(c) Articles valued above 20 cents per dozen pieces, designed to be * * * or carried on or about or attached to the person, such as and including * * * watch bracelets, and like articles; * * *:

(1) * * *

(2) Composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), or (if not composed in chief value of metal and if not dutiable under clause (1) of this subparagraph) set with and in chief value of precious or semiprecious stones * * * or imitation pearls, and valued above $5 per dozen pieces, ⅖¢ each and ⅖¢ per doz. for each 1¢ the value exceeds 20¢ per doz. and 25% ad val.

The sole issue in this case is whether the final phrase "and valued above $5 per dozen pieces" added to the paragraph by the trade agreement modifies the entire subdivision (2), or is limited to articles not composed in chief value of metal. If the limiting phrase "and valued above $5 per dozen pieces" relates only to articles not composed in chief value of metal, the claim in this protest must be sustained.

Plaintiffs contend that this phrase "and valued above $5 per dozen pieces" affects only that portion of subdivision (2) of paragraph 1527 (c) which follows the word "or" and does not modify that portion of the subdivision preceding the word "or." In other words, plaintiffs contend that the limiting phrase relates only to articles *not* composed in chief value of metal and that, since the imported watch bracelets are composed wholly or in chief value of metal (other than gold or platinum) and are valued above 20 cents per dozen pieces, they are entitled to the reduced rate under the French Trade Agreement, although valued at less than $5 per dozen pieces. The Government contends that the phrase in question applies to the entire subdivision (2) and is not limited to its immediate antecedent provision. Specifically, the defendant maintains that the proviso that the articles be valued over 20 cents per dozen pieces and above $5 per dozen pieces applies to watch bracelets in chief value of metal other than gold or platinum, and since the bracelets before us are not valued above $5 per dozen pieces, they are not entitled to the benefit of the reduced rate in question, and that, therefore, plaintiffs' claim should be disallowed.

The phrase "and valued above $5 per dozen pieces" appeared for the first time in the trade agreement (T. D. 48316) and, therefore, was not before the Congress when paragraph 1527 was being consid-

ered.   Resort to the legislative history of this paragraph aids us in
determining what type of articles the Congress intended to include
therein.   The predecessor paragraph 1428, Tariff Act of 1922, pro-
vided for "*   *   *; and articles valued above 20 cents per dozen
pieces   *   *   *; all the foregoing and parts thereof, finished or partly
finished, composed of metal, whether or not enameled, washed,
covered, or plated, including rolled gold plate, and whether or not
set with precious or semiprecious stones, pearls   *   *   *   or with
imitation precious stones or imitation pearls, 80 per centum ad
valorem;   *   *   *."   At the time the Tariff Act of 1930 was under
consideration, the House Bill (H. R. 2667) imposed a duty of 80 per
centum ad valorem on articles valued above 20 cents per dozen pieces,
designed to be worn on apparel or to be carried on or about or attached
to the person, such as and including, among other articles, watch
bracelets, if wholly or in chief value of gold or platinum, and imposed
a higher rate on such articles if wholly or in chief value of any other
metal.   While the bill was under consideration by the Congress,
there were proposed in the Senate amendment Nos. 775 and 776
to paragraph 1527, which made dutiable under the 80 per centum
rate, instead of the higher rate, articles of which the metal part was
wholly or in chief value of gold or platinum, even though the gold
or platinum was not the component material of chief value of the
whole article.   As finally enacted, paragraph 1527 (c) (1) contained
the phrase "or of which the metal part is wholly or in chief value of
gold or platinum."   In the "Supplement to Tariff Information on
Items in Tariff Bill of 1930," relative to paragraph 1527 (c), the
following appears (p. 500):

   *Rates of duty and changes in phraseology.*—The Finance Committee and the
Senate approved the rates in H. R. 2667, but inserted after "gold or platinum"
in clause (1) of subparagraph "c" the words "or of which the metal part is wholly
or in chief value of gold or platinum."   This was found necessary because under
the wording in H. R. 2667 as passed by the House a piece of jewelry made of gold
or platinum but set with and in chief value of a precious stone would be dutiable
at 110 per cent rather than at 80 per cent ad valorem rate intended.

It appears from the above that Congress intended to include within
subdivision (c) (1) of paragraph 1527 articles of gold or platinum, or
of which the metal part is composed wholly or in chief value of gold
or platinum.

   A further change in language was made in this paragraph as finally
enacted.   The predecessor paragraph 1428, Tariff Act of 1922, as to
"articles valued above 20 cents per dozen pieces, designed to
be   *   *   *   or carried on or about or attached to the person,"
contained the language "and whether or not set with precious or
semiprecious stones, pearls," etc.   In the committee print, "Memo-
randum of Court Decisions Affecting Tariff Act of 1922," relative to
paragraph 1428, it was stated:

In *American Shipping Co.* v. *United States,* Abst. 6853, 54 Treas. Dec. 602, the court held that ladies' handbags composed of metal set with imitation precious stones, glass being the component material of chief value, were not dutiable at 80 per cent ad valorem, as articles designed to be worn on the person under paragraph 1428, as classified by the collector, because not in chief value of metal, but were dutiable as a manufacture of cut glass at 55 per cent ad valorem under paragraph 218.

The following comment then appeared:

If the above decisions are not in accord with the Congressional intent, it is believed that they may be met by adopting the following provision:

It was then suggested that in place of the phrase "and whether or not set with precious or semiprecious stones," etc., there be substituted the phrase "or set with," etc. As finally enacted, the suggested language appeared in paragraph 1527 (c) (2) of the Tariff Act of 1930. It appears from the above that subdivision (2) of paragraph 1527 (c), as enacted by the Congress, covered two kinds of articles, viz, those composed wholly or in chief value of metal (other than gold or platinum) and also articles if not composed in chief value of metal, or gold or platinum, and if set with and in chief value of precious or semiprecious stones, etc.

It is well settled that the interpretation of a provision of the tariff act depends on the congressional intent. The word "or" may be given the meaning of the word "and." *Doughten Seed Co. et al.* v. *United States,* 24 C. C. P. A. (Customs) 258, T. D. 48686. A reading of the context of the paragraph under consideration persuades us that the word "or," following the words "gold plate," as used in paragraph 1527 (c) (2), as modified by the trade agreement (T. D. 48316), should be given the same connotation as the word "and." Accordingly, subdivision (2) of paragraph 1527 (c), as modified, covers watch bracelets composed in chief value of metal other than gold or platinum, and watch bracelets composed other than in chief value of metal, and set with precious or semiprecious stones, etc., and valued above $5 per dozen pieces, and such articles are entitled to the reduction in the trade agreement. Furthermore, paragraph 1527 (c) (2), as modified, contains the words "and valued above $5 per dozen pieces" after the word "pearls" contained in said subdivision. It appears significant that after the word "pearls" therein, there appears a comma and then the word "and" which is followed by the phrase "valued above $5 per dozen pieces." It would seem that if the negotiators of the trade agreement intended that the provision "and valued above $5 per dozen pieces" should apply only to its immediate antecedent, that is, to watch bracelets not composed in chief value of metal and set with and in chief value of precious or semiprecious stones, etc., the omission of the word "and" would have been in order under proper grammatical construction. Accordingly, it would appear from the context of this sub-

division of paragraph 1527 (c) (2) that in order to be entitled to the reduced rate under the trade agreement, the articles (watch bracelets) must be composed wholly or in chief value of metal other than gold or platinum and valued above $5 per dozen pieces, or if not composed in chief value of metal, or gold or platinum, and if set with and in chief value of precious or semiprecious stones, etc., and valued above $5 per dozen pieces.

As to what articles are covered by the reduced rate as provided in the trade agreement (T. D. 48316) modifying paragraph 1527 (c) (2), Tariff Act of 1930, the following appears in the Summary of Tariff Information, 1948 edition, volume 15, part 4, at page 1:

Duty reductions on jewelry have been made in various trade agreements, beginning with the trade agreement with France, effective in June 1936. In that agreement the rate on jewelry and related articles of gold or platinum was reduced from 80 percent to 60 percent ad valorem, *and the "compound" rate on jewelry and related articles other than of gold or platinum and valued at more than $5 per dozen pieces was reduced from 110 percent to 65 percent ad valorem.* * * * [Italics ours.]

And at page 19:

Statistics on imports of the above articles are divided into *two value brackets, those having a foreign value of over 20 cents but not over $5 per dozen pieces, and those valued at over $5 per dozen.* In years immediately preceding 1937, imports under the lower value bracket came principally from Japan and Germany, and those under the higher value bracket from France and Germany. After the rate of duty on *articles valued at more than $5 per dozen pieces* was reduced to 65 percent ad valorem in the trade agreement with France in 1936, the value of imports under that bracket increased markedly over the preagreement level (from $34,200 in 1935 to $177,400 in 1937). [Italics ours.]

In an "Analysis of the General Provisions and Reciprocal Concessions" issued by the Department of State on May 13, 1936, relative to the trade agreement between the United States and France, signed May 6, 1936, respecting concessions granted by the United States to France, there was contained a table listing and giving the amount of reduction and 1935 imports of the commodities affected by the concessions granted by the United States. Under paragraph 1527 (c), Tariff Act of 1930, the following appears (page 49):

| Commodity | Old rate of duty | New rate of duty |
|---|---|---|
| Articles of adornment (including parts): | | |
| Of gold or platinum | 80% | 60% |
| *Other* valued above $5 per dozen [Italics ours.] | 110% [9] | 65% [9] |

It would appear, therefore, that the French Trade Agreement (T. D. 48316), with respect to paragraph 1527 (c) (2) of the Tariff

[9] Actual rates are compound rates equivalent to these figures for complete units; higher for parts.

Act of 1930, affected two classes of merchandise,. first, articles of adornment of gold or platinum, as to which the rate was reduced from 80 per centum to 60 per centum ad valorem, and second, articles of adornment *other than* of gold or platinum and valued above $5 per dozen pieces, as to which latter class of articles the rate was reduced from the compound rate amounting to 110 per centum to 65 per centum ad valorem. We are convinced that it was the intention of the negotiators of the trade agreement in question to apply the reduced rate of 65 per centum ad valorem to those articles of adornment other than of gold or platinum and which are valued above $5 per dozen pieces. We are of opinion, therefore, that the limiting phrase "and valued above $5 per dozen pieces" modifies the entire subdivision (2) of paragraph 1527 (c). The watch bracelets in the case at bar are articles designed to be carried on or about or attached to the person, composed wholly or in chief value of metal other than of gold or platinum, valued at less than $5 per dozen pieces. Inasmuch as we hold that the reduction in the trade agreement in question from 110 per centum ad valorem to 65 per centum ad valorem applies first of all to such articles other than of gold or platinum, but which are valued above $5 per dozen pieces, the imported watch bracelets are not embraced within such reduced rate. The protest herein is overruled. Judgment will be rendered accordingly.